# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

DOUG M. CARROLL                                                                PETITIONER

V.                                                              NO. 3:14CV223-SA-DAS

JOHNNIE DENMARK, et al.                                                       RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Doug M. Caroll, Mississippi prisoner no. L3714, for a writ of habeas corpus pursuant 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244, and Petitioner has filed a response thereto  The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition is dismissed with prejudice.

### Facts and Procedural History

In the Circuit Court of Union County, Mississippi, Petitioner pleaded guilty to robbery with a deadly weapon and was sentenced by order filed December 27, 2006, to serve a term of forty-five years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of post-release supervision. Mot. to Dismiss, Ex. A. The Mississippi Court of Appeals affirmed Petitioner's conviction and sentence on August 5, 2008. *Carroll v. State*, 3 So. 3d 767 (Miss. Ct. App. 2008), *reh'g denied*, December 2, 2008 (Cause No. 2006-KP-01406-COA); Mot. to Dismiss, Ex. B. Thereafter, the Mississippi Supreme Court denied certiorari review on February 26, 2009 (Cause No. 2006-KP-01406-SCT); Mot. to Dismiss. Ex. B. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court challenging the decision affirming his direct appeal.

Petitioner signed an "Application for Leave to Proceed in the Trial Court" on March 19, 2009, and the application was stamped "filed" in the Mississippi Supreme Court on March 23, 2009. Mot. to Dismiss, Ex. C. The application was denied by order filed April 29, 2009. Mot. to Dismiss, Ex. D (Cause No. 2009-M-00450). On November 30, 2009, Petitioner signed a second "Application for Leave to Proceed in the Trial Court," which was stamped as filed in the Mississippi Supreme Court on December 4, 2009. Mot. to Dismiss, Ex. E. By order filed December 30, 2009, the application was dismissed, with the court finding that Petitioner's "claims that his sentence is illegal [are] without merit and the remainder of his claims [are] procedurally barred[.]" Mot. to Dismiss, Ex. F (Cause No. 2009-M-00450). Petitioner subsequently filed a third motion for post-conviction relief in August 2013, which was denied as without merit by order entered January 21, 2014. Mot. to Dismiss, Exs. G and H.

Petitioner subsequently signed the instant petition for federal habeas relief on September 10, 2014, and it was stamped as "filed" in this Court on September 15, 2014. ECF No. 1. On November 21, 2014, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely. In reply, Petitioner maintains that his federal habeas petition is timely, as an intervening court decision has been entered that impacts his criminal case.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

2

The limitation period shall run from the latest of –

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Discussion

A state judgment generally becomes final on direct review "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). In this case, Petitioner did not seek certiorari review with the United States Supreme Court following his direct appeal, and therefore, his judgment became "final" within the meaning of § 2244(d) on May 27, 2009[1], ninety days after the Mississippi Supreme

---

[1] February 26, 2009, plus 90 days.

Court denied certiorari review in this case.[2] See 28 U.S.C. § 2101; *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'– when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, Petitioner must have filed a "properly filed" application for post-conviction relief on or before May 27, 2010, to toll the limitations period, or his federal habeas petition was filed too late.

Petitioner's first post-conviction State court filing - his March 2009 application for post-conviction relief - was filed and decided prior to the start of the federal limitations deadline. Therefore, this filing does not toll the federal statute of limitations. However, Petitioner's second application was pending between November 30, 2009 and December 30, 2009, thereby tolling the limitations period for thirty days. Accordingly, Petitioner's federal habeas petition was due in this Court on or before June 28, 2010[3] (May 27, 2010 plus 30 days).[4]

Petitioner's federal habeas petition was "filed" sometime between the date it was signed

---

[2] The exceptions set forth in § 2244(d)(1)(B-D) are not applicable in this case. Petitioner argues that the "intervening decision" of the Mississippi Supreme Court in *Patton v. State*, 34 So. 3d 563 (Miss. 2010), impacts his case. However, the AEDPA provides an alternate start date for the statute of limitations on the date a "constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Because Petitioner's claim is based on a State court decision, and not a decision of the United States Supreme Court, he cannot avail himself to the exception contained in § 2244(d)(1)(C).

[3] The thirty-day period actually expired on June 26, 2010, which was a Saturday. As such, Petitioner's federal habeas petition was due on or before the next business day, Monday, June 28, 2010.

[4] Petitioner filed a third post-conviction application in 2013 that was dismissed by Order filed January 22, 2014. *See* Mot. to Dismiss, Exs. G and H. Because this application was filed well after the expiration of the federal limitations deadline, however, it did not serve to further toll the federal limitations period in this case.

4

on September 10, 2014, and when it was received in this Court on September 15, 2014. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Accordingly, the petition was filed over four years after the June 28, 2010, deadline.

Therefore, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has held that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citations omitted). The Fifth Circuit has also held that equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Petitioner maintains that he is entitled to equitable tolling, as he has been attempting to exhaust his State court remedies prior to filing for federal habeas relief. His attempts were hindered, he argues, by the State court's failure to appoint him counsel on direct review. However, Petitioner pursued three separate and unsuccessful motions for post-conviction relief in State court. His repeated attempts to persuade the State courts to render a different outcome while he was purportedly unaware of the federal limitations deadline does not warrant equitable tolling. *See, e.g.*, *Felder*, 204 F.3d at 172 and n.10; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate). Therefore, Respondents' motion will be granted, and the instant petition will be dismissed as untimely.

## Certificate of Appealability

Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief, which he may do by making "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(1) and (2). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. A certificate of appealability is **DENIED**. All pending motions are **DISMISSED** as moot. A final judgment will enter separately.

**SO ORDERED** this the 17th day of December, 2014.

/S/ Sharion Aycock
**CHIEF JUDGE**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**